
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS CORTEZ; ENRIQUE GONZALEZ; ALFREDO ESQUIVEZ; LUIS PEREZ; ABELINO ESPINOZA; MANUEL DUENAS; EDUARDO LASCANO; RAMON PEREZ; JOSE GARCIA; SOCORRO ZENDEJAS; PABLO DUENAS, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> COUNTY OF ALAMEDA; ALAMEDA COUNTY SHERIFF'S DEPARTMENT; GREGORY J. AHERN, Sheriff; DEAN N. STAVERT; HAL BANCROFT; JOHN KRIEGE; GARY PARKHAM; MIKE BUSH; DALE SILVA, <br><br> Defendants - Appellees. | No. 12-16669 <br><br> D.C. No. 4:11-cv-03199-YGR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted June 13, 2014
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER, GRABER, and BYBEE, Circuit Judges.

Plaintiffs-Appellants are Hispanic homeowners in Hayward, California, who allege that the County of Alameda has selectively enforced a zoning ordinance against them, in violation of 42 U.S.C. § 1983. They assert that the county defendants are selectively enforcing the ordinance against them. They have not, however, alleged that there are any similarly situated non-Hispanic homeowners who are violating the ordinance but are not being cited. They therefore cannot make out a selective enforcement claim against the county defendants. *See Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995). California state law concerning the effect of deed restrictions is not relevant to any federal claim.

Plaintiffs also allege violations of § 1983 by individual members of the homeowners association but allege no facts to support a conspiracy or any other theory of state action on the part of the homeowner association defendants. *See Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (requiring conspiracy or joint action with a state actor to hold liable a private individual under § 1983).

Accordingly, the district court properly dismissed the complaint as failing to adequately allege any federal claim upon which relief could be granted.

**AFFIRMED**.